UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. PULIDO,<br><br>            Plaintiff,<br><br>   vs.<br><br>M. LUNES, et al.,<br><br>            Defendants. | 1:14-cv-01174-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br>(Doc. 8.) |

**I.      BACKGROUND**

Jose J. Pulido ("Plaintiff") is a state prisoner, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 28, 2014.  (Doc. 1.)  On August 15, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 7.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On November 20, 2014, Plaintiff filed a motion for preliminary injunctive relief.  (Doc. 8.)

## II.     PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff requests a court order barring prison officials at the Substance Abuse Treatment Facility (SATF) in Corcoran, California, from retaliating against him by transferring him to another institution, until after this case is resolved.

Plaintiff's motion for injunctive relief against prison officials at SATF must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint. The events at issue in Plaintiff's Complaint allegedly occurred in 2010, when prison officials failed to protect Plaintiff from an identified threat to his safety. Because a court order barring future conduct by prison officials would not remedy any of the claims based on past conduct upon which this

///

action proceeds, the court lacks jurisdiction to issue such an order, and Plaintiff's motion must be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on November 20, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2014**                           **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE