| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOSE PULIDO, | No. 1:14-cv-01174-DAD-EPG (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING DEFENDANTS' MOTIONS TO DISMISS AND REQUIRING DEFENDANTS TO FILE ANSWER WITHIN THIRTY DAYS |
| M. LUNES, et al., | |
| Defendants. | |
| | (Doc. Nos. 16, 19, 30) |

Plaintiff Jose Pulido is a state prisoner proceeding *pro se* in this civil rights action filed on July 28, 2014 pursuant to 42 U.S.C. § 1983. (Doc. No. 1, 6.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint alleges a violation of his Eighth Amendment rights based upon defendants' failure to protect him while in the custody of the California Department of Corrections and Rehabilitation in Corcoran, California. (Doc. Nos. 1, 6.)

Plaintiff alleges in his complaint that he informed defendants that he had dropped out of a gang and that consequently he would be hurt or killed while in prison. (Doc. No. 1.) In addition, plaintiff alleges specific facts shared with the named defendants which provided reason to believe that he was at risk of serious harm. (*Id.* at 6-7.) Plaintiff further alleges that he was informed by defendants that he would receive protection only if he provided information regarding illegal

1

activity in the facility.  (*Id*. at 9.)  Moreover, plaintiff alleges that defendant Lunes thereafter stated loudly to plaintiff in hearing distance of other inmates "if you change your mind about giving me that information let me know."  (*Id*. at 10 and 18.)  Later that day, "desperate," "overwhelmed with fear," and knowing that "no Correctional staff was going to help [him]" - - attempted suicide by cutting himself, requiring surgery and 50 stiches.   (*Id.* at 10 and 19.)  Plaintiff alleges that he did so "because he wanted to kill himself before the gang members did."  (*Id*.)

On July 8, 2015, defendants Shaw and Cruz filed a motion to dismiss.  (Doc. No. 16-1.)  On July 30, 2015, defendant Lunes filed a motion to dismiss.  (Doc. No. 19-1.)  On January 28, 2016, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions to dismiss be denied.  (Doc. No. 30.)  On February 26, 2016, defendants Cruz and Shaw filed objections to the findings and recommendations, and defendant Lunes joined the objections. (Doc. Nos. 33, 34.)  Plaintiff filed a reply.  (Doc. No. 35.)

In objecting to the findings and recommendations defendants contend that the assigned magistrate judge erred in finding that the plaintiff pled sufficient facts to show that his attempted suicide was reasonably within the "range of serious harms" that could result from their alleged misconduct.[1]  (Doc. No. 33.)  Defendants argue that plaintiff never alleged in his complaint that he ever told them he was contemplating suicide.  (*Id*.)

The undersigned concludes that the magistrate judge's determination that an inmate's suicide attempt following a prisoner's well-founded request for protection from attack has been denied by prison officials is a foreseeable risk of harm.  (Doc. No. 30 at 7 & 10) (citing *Lemire v. California Dep't. of Corr. & Rehab.*, 726 F.3d 1062, 1075-76 (9th Cir. 2013) (Whether an inmate was exposed to a substantial risk of sufficiently serious harm as a result of the prison official's actions (or inaction) is itself "a question of fact, and as such must be decided by a jury if there is any room for doubt" and "the harm . . . actually suffered need not have been the most likely result

---

[1] Although they argued otherwise in their motions to dismiss, defendants now concede in their objections that plaintiff alleged sufficient facts regarding the risk of attack from other inmates that he faced to survive a motion to dismiss. (Doc. No. 33 at 2, n.1.)

among [the] range of outcomes.").[2] Finally, the undersigned agrees with the magistrate judge's conclusion that the allegations made by plaintiff as to the actions, or inaction, of defendants Cruz and Shaw are sufficient to state a cognizable claim against them.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations (Doc. No. 30) issued by the assigned magistrate judge on January 28, 2016, are adopted in full;
2. Defendants' motions to dismiss (Doc Nos. 16, 19), filed on July 8, 2015 and July 30, 2016, are denied;
3. Defendants are required to file an answer to the complaint within thirty days of the date of service of this order; and
4. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 28, 2016**

UNITED STATES DISTRICT JUDGE

---

[2]  The order in *Buren v. Waddle*, No. 1:14-cv-01894-MJS, 2014 WL 7337580, at *1 (E.D. Cal. Dec. 23, 2014), relied upon here by defendants, does not suggest otherwise

3