UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. PULIDO,<br><br>          Plaintiff,<br>     vs.<br>M. LUNES, et al.,<br><br>          Defendants. | 1:14-cv-01174-DAD-EPG-PC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION<br>(ECF Nos. 42, 43.)<br><br>ORDER FOR PARTIES TO EXCHANGE<br>INITIAL DISCLOSURES WITHIN<br>THIRTY DAYS |

**I.      BACKGROUND**

Plaintiff Jose J. Pulido ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on July 28, 2014, against defendants Sergeant M. Lunes, Correctional Officer Cruz, and Correctional Officer Shaw on Plaintiff's Eighth Amendment claims that Defendants were deliberately indifferent to a serious risk to Plaintiff's safety. (ECF No. 1.)

On April 29, 2016, after Defendants filed Answers to the Complaint, the Court issued an Order Requiring Initial Disclosures and Setting Mandatory Scheduling Conference ("Court's Order"). (ECF No. 41.) The Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

On May 12, 2016, defendants Cruz and Shaw filed objections to the Court's Order. (ECF No. 42.) On May 12, 2016, defendant Lunes joined the objections. (ECF No. 43.) In the objections, Defendants request that the Court vacate the initial disclosure requirement of the Court's Order. The Court construes Defendants' objections as a motion for reconsideration of the initial disclosure requirement of the Court's Order.

## II. MOTION FOR RECONSIDERATION

Defendants argue that the Court's Order requires the parties to engage in initial disclosures of discovery similar to those required under Federal Rule of Civil Procedure 26(a)(1). Defendants note that because Plaintiff is a *pro se* prisoner, there is an exemption from the initial disclosure requirements.[1] Thus, Defendants claim that the Court's ruling disregards the Federal Rules of Civil Procedure by imposing a requirement where it is subject to an exemption.

The Advisory Committee Notes published alongside the Federal Rules provide otherwise. In the notes to the 2000 amendments, the Advisory Committee Notes provide "even in a case excluded from initial disclosure under subdivision (a)(1)(E) . . . the court can order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 2000. Moreover, Rule 16 provides that "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: . . . establishing early and continuing control so that the case will not be protracted because of lack of management . . . discouraging wasteful pretrial activities; [and] improving the quality of the trial through more thorough preparation . . . ." Fed. R. Civ. P. 16(a). Rule 16 also permits the Court to issue a scheduling order to "modify the extent of discovery." Fed. R. Civ. P. 16(b)(3)(B)(i). Furthermore, Rule 16 provides that matters for consideration at any pretrial conference may include "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and

---

[1] Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure provides that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure of discovery.

Rules 29 through 37," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F), (P).  See also, Chambers v. NASCO, Inc., 501 U.S. 32, 43, reh'g denied, 501 U.S. 1269 (1991) (district courts have an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 862 (9th Cir. 2014) ("A district court has wide discretion in controlling discovery.") (internal citation omitted).

A similar order was upheld by the District Court in Irvin van Buren v. Emerson, 1:13-cv-01273-LJO-DLB, ECF No. 33, December 2, 2014.  In that case, the Court had issued an initial Discovery and Scheduling Order in a prisoner case similarly requiring initial disclosures, including names of witnesses and production of documents.  In upholding the disclosure requirement, Judge Lawrence J. O'Neill, who is now Chief Judge of this District, explained:

> The Court further notes that the discovery order at issue, which has been used and upheld in other actions in this Court, was implemented in light of the numerous discovery issues that were arising with increasing frequency in other pro se prisoner cases.  Defendants' discovery practices were bordering on unnecessarily obstructive, and these tactics caused numerous discovery disputes that required extensive Court resources to resolve.  The intent of the order, as explained above, is to discourage similar wasteful activities.
>
> Defendant further believes that such requirements are an undue burden on the State in prisoner cases.  However, again, the intent behind the order is to streamline the discovery process and ultimately reduce the overall burden on the State, the Court and the parties.  In fact, since the requirement to exchange initial disclosures has been in place, there has been a significant decrease in discovery disputes in actions where the ordered [sic] has issued.  This decrease has benefited both the parties *and* the Court.

1:13-cv-01273-LJO-DLB, ECF No. 33, at p.3.

Defendants argue that the scope of disclosures required by the Court's Order is broader than what is permitted by the Federal Rules because it requires Defendants to produce "copies of all documents and other materials . . . *related to* the claims and defenses in this case." (ECF No. 41 at 2 (emphasis added)).  Defendants assert that by contrast, the initial disclosure rule, Fed. R. Civ. P. 26(a)(1)(A)(ii), orders parties to "provide . . . a copy . . . of all documents . . . .[it] *may use* to support *its* claims or defenses . . . ." (emphasis added.)  Defendants contend

3

that this distinction causes an undue burden on Defendants and their counsel by inappropriately forcing them to develop Plaintiff's claim for him, likely encompasses privileged and confidential material, and requires defense counsel to spend time and resources sifting through documents that are equally available to Plaintiff.

This difference in language does not invalidate the Court's order. The purpose of initial disclosures under Rule 26(a) is "to accelerate the exchange of basic information . . . and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 1993 (emphasis added). The difference in language cited by Defendants does not alter that intent. There is no material difference between documents *related to* claims and defenses and those that *may be* used in a claim and defense. This is especially true in the context of prisoner litigation, where the documents at issue are contained in common files associated with an inmate. Indeed, the prison often conducts its own evaluation of conduct in an organized and discrete manner based on an underlying grievance by the prisoner. Those types of documents are enumerated in the Court's order and include "grievances, responses, and appeals thereof," and "reports of completed investigations by CDCR or others." Thus, while being theoretically vague, its application to documents in this context should be clear. Moreover, in the context of prisoner litigation, Defendants are often the party with possession, custody, and control over documents related to the underlying incident. The wording of the Court's order, to the extent it applies to documents regarding Plaintiff's claim in addition to Defendant's defense, encompasses all documents related to the incident even if not directly supportive of a defense. Such a change is rationally suited to the prisoner context.

Defendants next object to the extent that the Court's order may include privileged documents. The Court's order permits withholding of such documents on the basis of confidentiality or privilege, provided that Defendants describe what is being withheld and on what legal basis. Defendants argue that in theory they could run the risk of inadvertently waiving the privilege by failing to include a privileged document that conceivably could relate to a claim or defense. But Defendants should have no such concern in light of the law that

waiver of the privilege must be knowing and voluntary.  U.S. v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject).  So long as Defendants do not intentionally withhold privileged documents subject to the order, no claim of waiver would attach.

Defendants next claim that they should not be required to identify documents more available to Plaintiff, focusing on the words "with particularity."  For the sake of clarity, describing documents in the possession of Plaintiff such as "Plaintiff's C-file" is sufficient disclosure.  It is not necessary for Defendants to opine on which such documents are related to this claim—it is only necessary for Defendants to describe the universe of materials that Plaintiff already has and thus are not being produced by Defendants.

The Court thus declines to reconsider its order.  At the scheduling conference, the Court is willing to discuss any outstanding questions or issues regarding the precise contours of its order.  But the Court's intent should be clear: the universe of documents that refer to the incident underlying Plaintiff's complaint is very likely relatively small, already known, and easily located by Defendants.  Defendants (as well as Plaintiff) need to produce such documents, or assert claims of privilege, in the timeline provided by the order.  Such disclosure will streamline the case and allow resolution of the issues in a timely manner, saving time and expense for all parties and the Court.  Especially given the volume of prisoner litigation cases in this District, the Court's order comports with the Court's obligation to manage such cases in a way that reaches a fair and just resolution in a timely manner.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for reconsideration, filed on May 12, 2016, is DENIED; and
2. The parties SHALL exchange initial disclosures within thirty (30) days of the date of service of this order, pursuant to the Court's Order of April 29, 2016.

IT IS SO ORDERED.

Dated:   **May 19, 2016**                                   /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE