UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. PULIDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. LUNES, et al.,<br><br>　　　　　Defendants. | 1:14-cv-01174 DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 44) |

On May 16, 2016, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff asserts that he is indigent and cannot afford counsel, suffers from serious medical and mental health issues, and does not have the ability to obtain all the evidence or witnesses he needs to present his case. Plaintiff also asserts that he has not had much education and is not knowledgeable about the law. This does not make Plaintiff's case exceptional. The legal issue in this case --whether defendants failed to protect plaintiff from a risk of harm -- is not complex, and a review of the records in this case show that Plaintiff is able to respond to Court orders and articulate his claims. Moreover, the Court cannot find that Plaintiff is likely to succeed on the merits of this case. The Court's finding that "Plaintiff's allegations that Defendants failed to protect him are sufficient to state a claim under the Eighth Amendment," is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 12 at 3:15-16.)

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **May 20, 2016**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE