UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. PULIDO, | 1:14-cv-01174-DAD-EPG-PC |
| Plaintiff, | ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE HELD ON JUNE 29, 2016 (Resolves ECF No. 53.) |
| vs. | |
| M. LUNES, et al., | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS CRUZ AND SHAW'S AFFIRMATIVE DEFENSES (ECF No. 47.) |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT LUNES' AFFIRMATIVE DEFENSES (ECF No. 48.) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 49.) |
| | **Telephonic Discovery Status Conference: Oct. 17, 2016 at 2:00 p.m. Courtroom 10 (EPG)** |

## I.      BACKGROUND

Plaintiff, Jose J. Pulido ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

This case now proceeds on the original Complaint filed by Plaintiff on July 28, 2014, against defendants Sergeant M. Lunes, Correctional Officer Cruz, and Correctional Officer

Shaw ("Defendants"), on Plaintiff's Eighth Amendment claims that Defendants were deliberately indifferent to a serious risk to Plaintiff's safety.  (ECF No. 1.)

On April 27, 2016, defendants Cruz and Shaw filed an Answer to the Complaint.  (ECF No. 39.)  On April 28, 2016, defendant Lunes filed an Answer to the Complaint.  (ECF No. 40.) On April 29, 2016, the Court issued an order requiring the parties to make initial disclosures and setting a telephonic mandatory scheduling conference for June 29, 2016 at 11:00 a.m. before Magistrate Judge Erica P. Grosjean.  (ECF No. 41.)  On June 15, 2016, Plaintiff filed a notice of compliance with the initial disclosures requirement.  (ECF No. 52.)  On June 17, 2016, defendants Cruz and Shaw filed a notice of compliance with the initial disclosures requirement (ECF No. 54.)  On June 17, 2016, defendant Lunes filed a notice of compliance with the initial disclosures requirement.  (ECF No. 55.)  On June 22, 2016, defendants Lunes, Cruz, and Shaw filed Scheduling Conference Statements.  (ECF Nos. 56, 57.)

Now pending are Plaintiff's motion to strike defendants Cruz and Shaw's affirmative defenses (ECF No. 47), filed on May 20, 2016; Plaintiff's motion to strike defendant Lunes' affirmative defenses (ECF No. 48), filed on May 23, 2016; Plaintiff's motion for reconsideration of the Court's order denying appointment of counsel (ECF No. 49), filed on June 6, 2016; and Plaintiff's request for status of discovery order (ECF No. 53), filed on June 15, 2016.  Defendants have opposed Plaintiff's motions to strike their affirmative defenses. (ECF Nos. 50, 51.)

## II.   STATUS CONFERENCE

On June 29, 2016, at 11:00 a.m., a telephonic mandatory scheduling conference was held before Magistrate Judge Erica P. Grosjean.  Plaintiff appeared telephonically on his own behalf, California Deputy Attorney General Andrew Whisnand appeared telephonically on behalf of defendants Cruz and Shaw, and Tom Feher of LeBeau – Thelen, LLP appeared telephonically on behalf of defendant Lunes.  The parties discussed the status of this case, the parties' initial disclosures, Plaintiff's pending motions, exhaustion of administrative remedies, discovery, and further scheduling of this case.

///

### A.   Motion for Reconsideration (ECF No. 49.)

On June 6, 2016, Plaintiff filed a motion for reconsideration of the Court's May 20, 2016 order denying Plaintiff's motion for appointment of counsel.  (ECF No. 49.)   Defendants did not oppose the motion for reconsideration.  At the hearing, the Court discussed the Court's limited ability to appoint counsel in this case and found no reason to justify reconsideration of its prior decision.   Therefore, Plaintiff's motion for reconsideration was denied, without prejudice to renewal of the motion for appointment of counsel at a later stage of the proceedings.

### B.   Motion to Strike Defendants Cruz and Shaw's Affirmative Defenses (ECF No. 47.)

On May 20, 2016, Plaintiff filed a motion to strike defendants Cruz and Shaw's six affirmative defenses, arguing that Defendants listed affirmative defenses not relevant to the claims in this case, and failed to provide fair notice of the nature of their defenses.  (ECF No. 47.)   On June 10, 2016, defendants Cruz and Shaw withdrew their first, fifth, and sixth affirmative defenses and opposed Plaintiff's motion to strike their second, third, and fourth affirmative defenses.  (ECF No. 51.)

At the hearing, the Court found Defendants' second, third, and fourth affirmative defenses – (2nd) Failure to Exhaust Administrative Remedies, (3rd) Qualified Immunity, and (4th) Plaintiff's Own Actions Contributed to His Damages – to be legally recognized and appropriately plead.  In light of the fact that Defendants withdrew the first, fifth, and sixth affirmative defenses, the Court denied Plaintiff's motion to strike and ordered defendants Cruz and Shaw to file an amended answer within seven days, including only the second, third, and fourth affirmative defenses.[1]

### C.   Motion to Strike Defendant Lunes' Affirmative Defenses (ECF No. 48.)

On May 23, 2016, Plaintiff filed a motion to strike defendant Lunes' twenty-seven affirmative defenses, arguing that defendant Lunes' affirmative defenses are not relevant to the

---

[1] Defendants Cruz and Shaw filed their First Amended Answer on July 6, 2016.  (ECF No. 63.)

claims in this case.  (ECF No. 48.)  On June 8, 2016, defendant Lunes filed an opposition to the motion and requested leave to file an amended answer withdrawing all but these eleven affirmative defenses:  (1) Failure to Exhaust Administrative Remedies, (2) Immunity/Qualified Immunity, (3) Good Faith Performance of Official Duties, (4) Liability or Damages, If Any, Was Caused by the Actions of Third Parties, (5) Liability or Damages, If Any, Was Caused by an Intervening and/or Superseding Cause, (6) Assumption of the Risk, (7) Liability or Damages, If Any, Was Caused by an Unavoidable Incident, (8) Failure to Reasonably Mitigate Damages, (9) Unclean Hands, (10) Statute of Limitations, and (11) Plaintiff's Attempted Suicide Was a Volitional Act.  (ECF No. 50.)

At the hearing, the Court granted defendant Lunes' request to file an amended answer, and ordered defendant Lunes to file the amended answer within seven days, including only the eleven affirmative defenses listed above.[2]  The Court found the eleven listed affirmative defenses to be legally recognized and appropriately plead.  In light of defendant Lunes' expected amended answer, Plaintiff's motion to strike was denied.

**D.**   **Parties' Initial Disclosures**

At the hearing, Plaintiff indicated that he has no issues with Defendants' initial disclosures, and the Court found that Defendants had complied with the Court's initial disclosures requirement.

Defense counsel questioned the adequacy of Plaintiff's initial disclosures.  On June 15, 2016, Plaintiff filed notice that he "does not have any names, locations or other identifying information of individuals who have information about the event described in plaintiff's complaint."  (ECF No. 52.)  Defense counsel argued that Plaintiff needs to identify witnesses and documents that might be used.

Plaintiff responded that his family recently sent him two documents related to his habeas case.  Plaintiff also identified witnesses including Nurse Davila who was at the hospital the morning after Plaintiff attempted suicide; another (male) nurse who worked in the C-Yard

---

[2] Defendant Lunes filed the First Amended Answer on July 1, 2016.  (ECF No. 60.)

crisis bed area and was present in the evening; and an unnamed doctor at the District Hospital who stitched Plaintiff's wound(s).   The Court ordered Plaintiff to supplement his initial disclosures, within thirty days, to include all possible witnesses who may have relevant information and documents that might be used.[3]

### E.      Defendants' Assertion of Privileges

At the hearing, the Court discussed Defendants' claim that certain documents withheld from their initial disclosures are privileged under the official information privilege.   On June 17, 2016, defendants Cruz and Shaw filed a Conference Statement which included a privilege log and declaration in support of the privilege log.   (ECF No. 56 at 11-20.)   On June 22, 2016, defendant Lunes filed a Conference Statement which included a privilege log.   (ECF No. 57 at 6-8.)

Federal common law recognizes a qualified privilege for official information.   Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).   To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.   If the latter is greater, the privilege bars discovery.   Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (citing Jepsen v. Florida Bd. of Regents, 610 F.2d 1379, 1384–85 (5th Cir. 1980); Zaustinsky v. University of California, 96 F.R.D. 622, 625 (N.D. Cal. 1983); Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987) (discussing procedure for invoking the official information privilege).   *In camera* review is proper to determine whether withheld documents are privileged.   Committee for Nuclear Responsibility, Inc. v. Seaborg, 463 F.2d 788, 791-92 (D.C. Cir. 1971) ("*In camera* inspection of allegedly privileged documents . . . is a procedure approved by the courts at least where . . . military and diplomatic secrets are not at issue."); Breed v. U.S. Dist. Court for Northern Dist. of California 542 F.2d 1114, 1116 (9th Cir. 1976)

///

---

[3] Plaintiff filed notice of compliance with the Court's order on July 1, 2016.  (ECF Nos. 61, 62.)

("Also, as required by <u>Kerr</u>, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'").

Defendants were ordered to submit the documents withheld from their initial disclosures on the basis of the official information privilege, for *in camera* review within thirty days, in both unredacted and redacted form, with argument why the documents are privileged. Plaintiff may also submit legal argument, within thirty days, why the documents are not privileged and Defendants should produce them.

**F.      Exhaustion Issue**

At the hearing, Defendants argued that Plaintiff failed to exhaust his administrative remedies, because his appeal was rejected as untimely at the third level of review during the prison's appeals process.  Plaintiff argued that the appeals process was not available to him because he was in the Los Angeles County Jail for proceedings in his habeas case and therefore was unable to file a timely appeal.

The Court made no ruling on the exhaustion issue at the hearing.  Defendants were granted leave to file an exhaustion motion on or before September 14, 2016.  Plaintiff's opposition to the motion is due within twenty-one days after the date of service of Defendants' motion.  Local Rule 230(*l*).    Within thirty days, Plaintiff shall submit to the Court the documents in his possession showing he was out to court during the relevant time.

**G.      Discovery Schedule**

At the hearing, the Court granted the parties leave to conduct discovery for this action immediately, with a deadline of December 16, 2016 in which to complete discovery, including the filing of motions to compel.  The parties may now propound written requests, issue third party subpoenas, schedule depositions, and otherwise conduct discovery.

On October 17, 2016 at 2:00 p.m., a telephonic Discovery Status Conference shall be held before Magistrate Judge Erica P. Grosjean in Courtroom 10.  Counsel for Defendants Cruz and Shaw is required to arrange for the participation of Plaintiff in the telephonic Discovery Status Conference and to initiate the telephonic hearing at **(888)-251-2909**, Access Code **1024453**.   The parties are required to serve all discovery before the Discovery Status

Conference.  No later than two weeks before the Discovery Status Conference, the parties are required to file statements of pending discovery issues.  Any opposition to the statements is due no later than one week before the Discovery Status Conference.  The Court directed the parties not to file any motions to compel before the Discovery Status Conference, with the exception of motions to compel related to exhaustion issues, which the parties *shall* file before the Discovery Status Conference.

### H.    Evidence of Defendants' Past Acts

At the hearing, Plaintiff raised the issue of acquiring and using evidence of past incidents involving Defendants that are similar to the incident alleged by Plaintiff in this case. The Court did not limit Plaintiff from serving discovery on that issue.  Nevertheless, the Court advised Plaintiff that such evidence is usually not allowed, and directed Plaintiff to Rule 404 of the Federal Rules of Evidence, which prohibits the admission of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait" and evidence of crimes, wrongs, or other acts "to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1), (b)(1).

### I.    Further Schedule for this Action

At the hearing, the Court established the following deadlines for the parties to this action:  September 14, 2016 for the filing of exhaustion motions; December 16, 2016 to conduct nonexpert discovery, including the filing of motions to compel; January 13, 2017 for expert disclosure; February 3, 2017 for rebuttal to expert disclosure; February 24, 2017 to conduct expert discovery; and March 3, 2017 for the filing of pretrial dispositive motions.

The Court also set dates for a telephonic trial confirmation hearing (TTCH) and jury trial for this case before District Judge Dale A. Drozd in Courtroom 5.  The TTCH shall be held on October 16, 2017 at 2:30 p.m. and jury trial shall commence on December 12, 2017 at 8:30 a.m.[4]

///

---

[4] A more detailed scheduling order is forthcoming.

A settlement conference was not scheduled at the hearing, but possible dates during the week of September 19, 2016, Monday through Thursday, were discussed.  Defendants have requested a Magistrate Judge other than Magistrate Judge Grosjean to preside over the settlement conference.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to strike defendants Cruz and Shaw's affirmative defenses, filed on May 20, 2016, is DENIED

2.   Plaintiff's motion to strike defendant Lunes' affirmative defenses, filed on May 23, 2016, is DENIED;

3.   Plaintiff's motion for reconsideration of the Court's order denying appointment of counsel, filed on June 6, 2016, is DENIED;

4.   Plaintiff's request for status of the Court's discovery order, filed on June 15, 2016, is RESOLVED;

5.   This matter is set for a telephonic discovery status hearing before Magistrate Judge Erica P. Grosjean on **October 17, 2016 at 2:00 p.m.** in Courtroom 10; and

6.   Counsel for Defendants Cruz and Shaw is required to arrange for the participation of Plaintiff in the telephonic discovery status hearing and to initiate the telephonic hearing at **(888)-251-2909**, Access Code **1024453**.

IT IS SO ORDERED.

Dated:   **July 7, 2016**                          /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE