UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PULIDO,<br><br>        Plaintiff,<br><br>  vs.<br><br>M. LUNES, et al.,<br><br>        Defendants. | 1:14-cv-01174-DAD-EPG (PC)<br><br>ORDER REQUIRING PRODUCTION OF DOCUMENTS WITHHELD PURSUANT TO THE "OFFICIAL INFORMATION PRIVILEGE" WITH REDACTIONS<br><br>(ECF No. 85) |

      Plaintiff Jose Pulido ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed on July 28, 2014 pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his Eighth Amendment rights based upon defendants' failure to protect him while in the custody of the California Department of Corrections and Rehabilitation in Corcoran, California.

      On August 25, 2016, the Court issued an order directing Defendants to provide Plaintiff with certain documents withheld under the official information privilege and provided *in camera* to the Court as described in the order. (Doc. 77, p. 7). Part I of that order included the legal standard concerning official information privilege, and Part II of the order applied the legal analysis to the documents being withheld on the basis of the privilege. (*Id*. at 3-7).

      The Court further directed Defendants as follows:

> Within 30 days from this order, Defendants shall either provide Plaintiff with all additional documents and materials regarding the Investigation by the Office of Internal Affairs of this incident, provide them to the Court for further *in camera* review, or notify Plaintiff and the Court that they are not in Defendants' possession custody and control. This includes all written or recorded interviews associated with the investigation, as well as underlying documents referred to in the investigation report.

(*Id*. at 7)

On September 23, 2016, Defendants Cruz and Shaw filed a request for *in camera* review of the additional documents and materials regarding the investigation by the Office of Internal Affairs. (Doc. 85). Defendants submitted one set of documents without redactions and another set with limited proposed redactions of confidential personal information.

The Court has reviewed the documents, applied the legal standard articulated in Part I of the August 25 order (Doc. 77), and now orders certain disclosures as follows:

Exhibit 19 is described by Cruz and Shaw as "Post Order for Facility C Yard Sergeant, Post Order #230408, total 4 pages" (Doc. 85 at 5). This document describes the duties and responsibilities of Peace Officers with respect to a particular duty post. The document does not appear to be highly relevant to Plaintiff's case, and the Court can understand how production of this document to a prisoner could cause a security concern. After application of the balancing test, the Court finds that Exhibit 19 is properly withheld pursuant to official information privilege.

However, Exhibits 2, 6-13, 15-18 shall be provided to Plaintiff, as redacted. For this group of Exhibits, the potential benefits of disclosure outweigh the potential disadvantages. This group of Exhibits primarily contains highly relevant narrative reports about the incident in this case. On the other hand, the potential disadvantage of production of this information to Plaintiff in redacted form does not appear to be very significant because these Exhibits do not discuss security issues.

For example, Exhibit 12 consists of Plaintiff's own hand written statements about the incident in this case. The court does not see any good faith basis to withhold this document under the official information privilege, and it calls into question counsel's good faith and adherence to the law regarding this privilege.

Accordingly, IT IS HEREBY ORDERED that Defendants Cruz and Shaw shall produce Exhibits 2, 6-13, 15-18 with the submitted redactions to Plaintiff within 14 days of this order.

IT IS SO ORDERED.

Dated: __October 14, 2016__         /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE