UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PULIDO,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. LOUNES, et al.,<br><br>        Defendants. | 1:14-cv-01174-DAD-EPG (PC)<br><br>ORDER<br><br>(ECF Nos. 66, 72, 73, 86, 87, 88, 93) |

     Plaintiff Jose Pulido ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed on July 28, 2014 pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his Eighth Amendment rights based upon Defendant Lounes, Cruz, and Shaw's failure to protect him while in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

     The following motions are presently before the Court: 1) Plaintiff's motions for preliminary injunctive relief (ECF Nos. 66, 73); 2) Plaintiff's motion for extension of time (ECF No. 72); 3) Plaintiff's motion for information regarding summary judgment (ECF No. 86); 4) Defendant M. Lounes' motion to compel (ECF No. 87); 5) Plaintiff's motion for default (ECF No. 88); and Plaintiff's motion to compel (ECF No. 93).  The Court held a hearing on October 17, 2016, wherein the motions were discussed on the record and additional argument was heard.  After consideration of the parties' positions concerning the motions, the Court makes the following rulings:

\\\

**1. Plaintiff's Motions for Preliminary Injunctive Relief and/or Protective Order (Docs. 66, 73)**

Plaintiff requests a court order preventing the defendants in this case from retaliating against him in any way until this case is resolved. (Doc. 66, p. 5.)   In his motion, Plaintiff details several instances of what he characterizes as retaliatory conduct by Defendants Lounes and Cruz since this lawsuit began. (*Id*. at 1-5.)  Defendants Lounes and Cruz are assigned to the institution where Plaintiff is presently incarcerated.  Plaintiff states that Defendants Lounes and Cruz have taken various actions in effort to harass or intimidate him, such as menacing stares and laughs in addition to derogatory statements to Plaintiff concerning the allegations of this case. (*Id*.)   Defendant Lounes and Cruz have filed opposition briefs to the motion and declarations disputing the allegations in Plaintiff's motion. (Docs. 68, 70.)

This Court takes allegations of witness tampering very seriously, as should the defendants. *See* 18 U.S.C. § 1512(b) (providing that it is federal crime to knowingly intimidate, threaten, or corruptly persuade another person, or attempt to do so, with intent to  influence, delay, or prevent the testimony of any person in an official proceeding).  At this juncture, however, the evidence in the record has not been sufficiently developed for the Court to take action.

The Court will deny the motions with a warning that the defendants should not be intimidating, harassing or speaking to Plaintiff about this case in any respect.  Counsel for defendants agreed at the October 17 hearing to relay this warning to their clients.

This Court is also concerned about the allegations in Plaintiff's motion concerning interference with his legal mail.  It does not appear based on the evidence before the Court that defendants in this case have attempted to interfere with Plaintiff's legal mail.

The Court requests that the Deputy Attorney General assigned to this case inquire into the issues described by Plaintiff in his motion and file a status report on the record within 30 days of this order.

\\\

\\\

\\\

**2. Plaintiff's Motion for Extension of Time (Doc. 72) and Motion to Compel (Doc. 93)**

Next, Plaintiff seeks an extension of time to disclose the names of witnesses (Doc. 72) and a court order compelling the defendants to disclose the identities of those witnesses (Doc. 93). Specifically, Plaintiff is seeking to identify and disclose the following witnesses:

1) A male who worked during 2nd watch at CSATF/C-Yard when Plaintiff attempted suicide and then worked at CTC 3rd Watch, looking after Plaintiff outside of Plaintiff's cell at CTC crisis bed (sitting in a chair by the window);

2) A female therapist at CTC, who wrote the 602 appeal; and

3) A female C/O who interviewed Plaintiff in C-Yard regarding a 602 appeal wherein Plaintiff was requesting to erase my past gang history because he was running with the Mexican Nationals (Border Brothers).

(Doc. 72, p. 3.)

Plaintiff states that he is attempting to disclose witnesses pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Under Rule 26(a), a party must provide to the other parties the name of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). Such disclosures must occur "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).

It appears Plaintiff disclosed a number of witnesses on July 1, 2016 (Doc. 62) and is now attempting to supplement those disclosures. The Court notes that the discovery deadline has not yet passed. Thus, Plaintiff still has time to fully investigate his case and supplement his disclosures. Therefore, the motion for extension of time (Doc. 72) is denied as premature. Plaintiff may supplement his initial disclosures upon learning the names of these witnesses without an order from the Court.

Plaintiff is also asking the Court to compel the defendants to disclose the identities of the three witnesses described above. (Doc. 93.) It appears that Plaintiff has attempted to utilize

the internal procedures of the CDCR to obtain the information but has been unable to do so. (*Id.*) As explained at the motion hearing, the Court lacks the ability to enforce the internal procedures of the CDCR.  Accordingly, Plaintiff's motion to compel (Doc. 93) shall be denied.

However, Plaintiff may attempt to serve Rule 33 interrogatories or Rule 34 requests for production upon the defendants to identify the witnesses.  With the Court's permission, Plaintiff may also serve third party subpoenas, including on the CDCR and/or the Office of the Inspector General if Plaintiff seeks documents from them and the entities are not presently defendants in this case.  To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.  If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a request for production of documents. Fed. R. Civ. P. 34.  In any request for a subpoena, Plaintiff must:  (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party.  The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

### 3. Plaintiff's Motion for Information Regarding Summary Judgment (Doc. 86) and Motion for Default (Doc. 88)

Plaintiff has also filed two motions regarding a deadline that passed on September 14, 2016 for the defendants to file a motion for summary judgment concerning the affirmative defense of failure to exhaust administrative remedies. (Docs. 86, 88.)  The defendants did not file the required motion by the deadline.  Plaintiff argues that default should be entered pursuant to Federal Rule of Civil Procedure 55(a) as a consequence for failing to plead or otherwise defend. (Doc. 88).  Failure to exhaust is an affirmative defense, and consequently, the decision of whether or not to raise the defense is a matter within a defendant's discretion. *See Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007).  Thus, the

Court cannot conclude that the defendants failed to defend this case by letting the September 14, 2016 deadline pass. Plaintiff's motion for default (Doc. 88) is denied, and Plaintiff's motion requesting information concerning the passing of deadline (Doc. 86) is denied as moot.

Because the deadline has passed and no action was taken by the defendants, the Court considers the exhaustion issue resolved, and this case will proceed only as to the merits. *See Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir.) (holding that the exhaustion issue is to be resolved by the judge "at the very beginning of the litigation" and then the case proceeds solely on the merits), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403, 190 L. Ed. 2d 307 (2014).

To the extent that Defendants believe they are entitled to an evidentiary hearing based on disputed issues of fact, despite failing to file a motion for summary judgment, the Court advised Defendants during the hearing that it considered the matter closed, but would look at any contrary authority in such a motion if filed without delay.

**4.  Defendant M. Lounes' Motion to Compel (Doc. 87)**

Finally, Defendant Lounes filed a motion to compel seeking two sets of documents that were apparently discussed at Plaintiff's deposition. (Doc. 87.) At the motion hearing, the parties indicated that Defendant Lounes may have recently received these documents from Plaintiff. The Court denies the motion to compel (Doc. 87) as moot. Because counsel has not yet had adequate time to examine the production, the denial of the motion will be without prejudice.

**CONCLUSION**

For the forgoing reasons and additional reasons stated upon the record at the October 17, 2016 hearing:

1. Plaintiff's motions for preliminary injunctive relief (ECF Nos. 66, 73) are DENIED;
2. Plaintiff's motion for extension of time (ECF No. 72) is DENIED as premature;
3. Plaintiff's motion for information regarding summary judgment (ECF No. 86) is DENIED as moot;
4. Defendant M. Lounes' motion to compel (ECF No. 87) is DENIED as moot;
5. Plaintiff's motion to default (ECF No. 88) is DENIED; and

      6.   Plaintiff's motion to compel (ECF No. 93) is DENIED.

IT IS SO ORDERED.

Dated:   **October 18, 2016**            /s/ *Erica P. Grosjean*
                                               UNITED STATES MAGISTRATE JUDGE